5:10-CV-737

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ONCOLOGY TECH, INC.

## DEFENDANTS
.DECIMAL, INC.

(b) County of Residence of First Listed Plaintiff: **Bexar County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark H. Miller, Jackson Walker, L.L.P., 112 E. Pecan, Suite 2100, San Antonio, Texas 78205
(210) 978-7700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1114-1125; 28 USC 1331-1338 & 2201; Declaratory Judgment;

Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ injunction
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 9/3/10
SIGNATURE OF ATTORNEY OF RECORD  /s/ Mark Miller

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

3763987.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ONCOLOGY TECH, INC. | § §§ § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:10-CV-737 |
| | § § § | |
| .decimal, Inc. | § § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff, Oncology Tech, Inc., respectfully shows the Court as follows:

### I.

### PARTIES

1. Plaintiff, Oncology Tech, Inc. ("Oncology Tech") is a Texas corporation having its principal place of business at 5608 Business Park, San Antonio, Texas 78218.

2. Defendant, .decimal, Inc. (".decimal"), is a Florida corporation having its principal place of business at 121 Central Park Place, Stanford, Florida 32771.

### II.

### JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. §1331, 1332, and 1338. The amount in controversy exceeds the jurisdictional minimum, exclusive of interests and costs.

4. This Court has personal jurisdiction over the Defendant since Defendant has sufficient minimal contacts with this State and, in particular, this Judicial District, and

maintenance of the suit in this Judicial District does not offend traditional notions of fair play and substantial justice.

5. Specifically, Defendant offers and sells goods and services throughout the United States, including Texas. Venue is properly placed under 28 U.S.C. §1391 in the Western District of Texas.

6. This Court has pendant jurisdiction over all of the claims asserted herein, these claims being necessarily determinable together with the federal claims.

### III.

### FACTS

7. Oncology Tech is a small local San Antonio company with its headquarters in San Antonio, Texas.

8. Oncology Tech's principal line of business is manufacturing high quality compensators which medical clinics use in the course of delivering patient cancer therapy at the medical clinics.

9. Oncology Tech's compensators are custom manufactured brass modulators for use in Intensity Modulated Radiation Therapy ("IMRT") and are designed to meet the needs of radiation oncology professionals.

10. Oncology Tech's method of doing business includes radiation oncology professionals at medical clinic developing a unique radiation treatment planning system for a cancer patient, the medial clinic transmitting that unique information to Oncology Tech and Oncology Tech using that unique information to manufacture a unique compensator to treat the patient.

11.     Prior to Oncology Tech's entering the market for manufacturing and delivering patient-specific compensators for IMRT, .decimal was the only third-party provider of patient-specific compensators for IMRT in the United States.

12.     Currently, .decimal has more than 90% of the market for the sale of patient-specific compensators for IMRI in the United States.

13.     Upon information and belief, .decimal has engaged in activities which are intended to injure .decimal's much smaller competitor, Oncology Tech.

14.     Upon information and belief, .decimal has engaged in activities which do not make economic sense unless viewed from the perspective of .decimal intentionally attempting to injure new, smaller competitor, Oncology Tech.

15.     Upon information and belief, .decimal asserts that Oncology Tech's method of doing business is unlawful.

16.     .decimal asserts that the radiation treatment planning system file which the medical clinic creates and then uses to transmit the patient-specific information to Oncology Tech, and then Oncology Tech's use of the file is unlawful.

17.     In particular, Elekta A.B. sells an XIO IMRT treatment planning software package to medical clinics which is advertised as being an "open, vendor-neutral treatment planning system." .decimal asserts that a medical clinic's use of Elekta A.B.'s XIO IMRT treatment planning software to provide patient-specific information to Oncology Tech in the file format provided by Elekta A.B. to the medical clinic is unlawful because it infringes .decimal's proprietary rights and copyright rights.

18.     On information and belief, .decimal has asserted to third parties, and in particular Elekta A.B., that Oncology Tech's method of doing business is unlawful.

19. .decimal asserts that Oncology Tech's method of doing business infringes .decimal's copyright rights, proprietary information rights, copyrighted information rights, and trademark rights.

20. .decimal has threatened legal action against Oncology Tech "for trademark infringement, copyright infringement, deceptive and unfair trade practices, and for violation of the various other state and federal laws pertaining to your activities."

21. .decimal's acts described herein have caused injury to Oncology Tech and are causing injury to Oncology Tech and will continue to injure Oncology Tech unless restrained by this Court.

22. Unless .decimal's described acts are enjoined, Oncology Tech will suffer great, incalculable, and irreparable harm.

23. Each of the facts alleged herein is alleged with regard to each and every cause of action herein.

## IV.

## CAUSES OF ACTION

24. .decimal has engaged in unfair competition and tortiously interfered with Oncology Tech's existing and prospective business relationships.

25. .decimal, on or in connection with goods or services, has used and is continuing to use in commerce a false or misleading description of fact or false or misleading representation of fact, misrepresents the nature of characteristics, qualities, or geographic origin of .decimal's or Oncology Tech's goods, services, or commercial activities in violation of the Lanham Act, 15 U.S.C. §1125(a).

26. .decimal's acts have and will continue to comprise unfair competition against Oncology Tech under the laws of the State of Texas.

4

27. .decimal has published false and disparaging information about Oncology Tech resulting in damage to Oncology Tech.

28. Oncology Tech seeks declaratory judgment that Oncology Tech's method of doing business is lawful and that Oncology Tech's method of business does not infringe any of .digital's legal rights.

29. .decimal's acts complained of herein violate Oncology Tech's rights. Unless enjoined, .decimal will continue to violate Oncology Tech's rights, resulting in irreparable injury to Oncology Tech for which Oncology Tech will have no adequate remedy at law.

## V.

## PRAYER

NOW, THEREFORE, Plaintiff Oncology Tech, Inc. respectfully prays for the following relief:

A. A permanent injunction enjoining .decimal, its agents, servants, employees, attorneys, or anyone acting in concert with them from:

(1) Using a false or misleading description of fact, or a false or misleading representation of fact, which misrepresents the nature, characteristics, or qualities of either Oncology Tech's or .decimal's goods, services, or commercial activities;

(2) Engaging in conduct or actions that will injure or are likely to injure Oncology Tech's business reputation;

(3) Publishing false and disparaging information about Oncology Tech;

(4) Communicating to third parties statements contrary to 1-3 above;

(5) Unlawfully interfering with Oncology Tech's existing and prospective business relationships with third parties.

B. A Judgment that .decimal be required to pay Oncology Tech's damages, together with pre-judgment interest and post-judgment interest as Oncology Tech has sustained as a consequence of Defendant's wrongful acts.

C.  A judgment that Oncology Tech's method of doing business is lawful and that Oncology Tech's method of business does not infringe any of .digital's legal rights.

D.  An award to Oncology Tech for such other and further relief as this Court may deem just.

## VI.

## JURY DEMAND

Oncology Tech respectfully requests a trial by jury.

Respectfully submitted,
JACKSON WALKER L.L.P.
112 E. Pecan, Suite 2400
San Antonio, Texas 78205
(210) 978-7700
(210) 978-7790 (facsimile)

By: _/s/ Mark Miller_____
Mark H. Miller
State Bar No. 14099200
mmiller@jw.com

Attorneys For Plaintiff,
ONCOLOGY TECH, INC.

5912758v.1 133359/00001